Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

_____ Division

<table>
<tr><td>

Sharon Paige

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

Hudspeth Regional Center (Boswell)
Jerri Barnes
Keesha Lowe Nash

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
SEP 2 4 2021
ARTHUR JOHNSTON
BY_____DEPUTY

Case No.  ~~423-2019-00983~~ 3:21cv618-CWRFKB
*(to be filled in by the Clerk's Office)*

Jury Trial:  *(check one)*    ☐ Yes   ☒ No

</td></tr>
</table>

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Sharon Paige |
| Street Address | 226 Tudor Circle |
| City and County | BRANDON |
| State and Zip Code | Ms 39042 |
| Telephone Number | 601-573-0728 |
| E-mail Address | shatan09@yahoo.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Jerrie Barnes |
| Job or Title *(if known)* | Director |
| Street Address | Hwy 475 South  P. O. Box 127-B |
| City and County | Whitfield  Rankin |
| State and Zip Code | Miss. 39193 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Keesha Lowe Nash |
| Job or Title *(if known)* | Human Resource Director |
| Street Address | Hwy 475 South P.O. Box 127-B |
| City and County | Whitfield Rankin |
| State and Zip Code | Miss. 39193 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Hudspeth Regional Center |
| Job or Title *(if known)* | 8 H-B |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Hudspeth Regional Center |
| Street Address | Hwy 475 South  P. O. Box 127-B |
| City and County | Whitfield Rankin |
| State and Zip Code | Miss. 39193 |
| Telephone Number | 601-664-6000 |

**II.    Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:
Sex/Retaliation

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*:    Sex

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

C.    I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race        Black
- ☐ color
- ☑ gender/sex        Female
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)*                        *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*
  chronic arthrits-Rheumatoid and  Naroclepsy

E.    The facts of my case are as follows.  Attach additional pages if needed.

I was contacted by HR Director Keesha  Lowe-Nash on Jan. 31, 2019 terminated from the agency because,I had exhausted the FML time. I was never told that  the agency had placed me on Family Medical Leave time. Nor, did I recieved a written verbal notice/letter from the Human Resource Dept.. i had been approved to use my Personal / accumulated  by my Supervisor Jamesia Gilbert  (see attachment leave polices. once i was served  pre separation and another staff at my home .. i contacted the HR Dir. Nash and informed her that i had not been notified that I had been placed on FML, which is how other staff members that i supervised were told in writing . indicating the approved leave and requiremnets and rules ro follow. i was not afforded the same standard guidelines and as noted in the

*Went  Not  afforded Accommodations for Disabilities (military Injuries) and Not Affored to Work Intermittant schedule or reduced till after surgery-Medical Procedure*

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
Mar. 2019

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*  July 1, 2021          .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Compensation for pain and suffering insurance policies reinstated.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        Sept. 22, 2021

Signature of Plaintiff

Printed Name of Plaintiff        Sharon Paige

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Sharon Paige**
**226 Tudor Circle**
**Brandon, MS 39042**

From:  **Jackson Area Office**
**Dr. A. H. McCoy Federal Building**
**100 West Capital Street, Suite 338**
**Jackson, MS 39269**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **423-2019-00983** | **Myrtle M. Addison,** **Investigator** | **(769) 487-6917** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred _more than 2 years (3 years)_ before you file suit may not be collectible.**

On behalf of the Commission

Eszean McDuffey,
Director

Digitally signed by Eszean McDuffey,
Director
Date: 2021.06.07 13:24:49 -05'00'

Enclosures(s)

**Eszean S. McDuffey,**
**Director**

*(Date Mailed)*

cc:  **Keesha Lowe-Nash**
**Human Resources Director**
**HUDSPETH REGIONAL CENTER**
**P. O. Box 127-B**
**Whitfield, MS 39193**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Jackson Area Office**

Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, MS  39269
Intake Information Group:  800-669-4000
Intake Information Group TTY:  800-669-6820
Jackson Direct Dial: (769) 487-6910
FAX (601) 965-4046
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS ENCLOSED

RE:    EEOC Charge No.:    423-2019-00983
       Charging Party:      Sharon Paige
       Respondent:          Hudspeth Regional Center

Dear Ms. Paige:

The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed Dismissal and Notice of Rights (Notice) in the above-referenced charge on the date reflected thereon. Specifically, on that date, EEOC sent you an email notification that EEOC had made a decision regarding the above-referenced charge and advised you to download a copy of the decision document from the Portal. Our records indicate you have not downloaded the Notice from the Portal. For your convenience, a copy of the Notice is enclosed with this letter.

Please note that if the Charging Party wants to pursue this matter further in court, Charging Party must file a lawsuit within 90 days of the date they receive the Notice. The 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the EEOC.

Sincerely,

*Charlotte D. Walker*

Name

June 25, 2021

Date Mailed

Enclosure

Case 3:21-cv-00618-CWR-FKB    Document 1    Filed 09/24/21    Page 9 of 28

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** <u>2 years (3 years)</u> **before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



U.S. Equal Employment Opportunity Commission
Dr. A. H. McCoy Federal Building
100 West Capitol Street, Suite 338
Jackson, Mississippi 39269

OFFICIAL BUSINESS
Penalty for Private Use $ 300

JACKSON MS 390
28 JUN 2021 PM 3 L

U.S POSTAGE ›› PITNEY BOWES

ZIP 39269 $ 000.71⁰
02 4W
0000360915

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.





CERTIFIED MAIL



**HUDSPETH REGIONAL CEN**

Highway 475 South
Post Office Box 127-B
Whitfield, MS 39193-1032

PERSONNEL DEPARTMENT

7017 0190 0000 5103 9434

Sharon Paige
226 Tudor Circle
Brandon, MS 39042

.. 93270201417991239042-863526 NSS



S Larissa Boyd
1-601-825-0564

**Tracking History**
**December 27, 2018, 9:49 am**
Moved, Left no Address
WHITFIELD, MS 39193
Your item was returned to the sender on December 27, 2018 at 9:49 : m in WHITFIELD, MS 39193
because the addressee moved and left no forwarding address.


Reminder to Schedule Redelivery of your item


**December 26, 2018, 1:27 pm**
Departed USPS Regional Facility
JACKSON MS DISTRIBUTION CENTER


**December 26, 2018**
In Transit to Next Facility


**December 22, 2018, 9:43 am**
Notice Left (No Authorized Recipient Available)
BRANDON, MS 39042


**December 20, 2018, 11:23 pm**
Arrived at USPS Regional Facility
JACKSON MS DISTRIBUTION CENTER


**December 20, 2018, 2:48 pm**
Arrived at USPS Facility
WHITFIELD, MS 39193

E Mail To K Lowe - Accommodations requested etc.

**From:** "Sharon Paige" <shatan09@yahoo.com>
**To:** "keesha.lowe@hrc.state.ms.us" <keesha.lowe@hrc.state.ms.us>
**Sent:** Wed, Jan 30, 2019 at 2:27 PM
**Subject: Follow up of Pre-Notice of Separation email**

I am Checking to see If you received my email and the status of my employment.

*She did Not respond except for Calling me on Jan. 31, 2019 Saying that I had been Terminated asked her again & She Said that The decision had been Made.*

----- Forwarded Message -----
**From:** "Sharon Paige" <shatan09@yahoo.com>
**To:** "keesha.lowe@hrc.state.ms.us" <keesha.lowe@hrc.state.ms.us>
**Sent:** Fri, Jan 25, 2019 at 1:38 PM
**Subject: Pre-Notice of Separation**

On January 18, 2019, two employees from Hudspeth Regional Center -HR employee Shondra Graves and campus Chief of Police Kevin came to my residence with a pre-notice of separation sheet requesting my signature prior to giving me a sealed envelope from the personnel department.  First let me say I have never heard of an agency sending employees to an employee's private residence to deliver a pre-notice of separation from employment letter, which was quiet embarrassing among other things, to say the least. Then I received 2 other letters with the same date Jan. 18, 2019 and information on each letter- one letter  was Certified and I received it on Jan. 22, 2019 and the other was in the regular mail.

This is my response to the Pre-Separation notice. I do not want to be terminated from employment with HRC. I would like to use time I have accumulated/ remaining on the books or from the FMLA leave time and remain employed. Due to medical reasons I have a couple of things remaining to do that are recommended by the doctor afterwards I will make a decision about the status of my employment. I am scheduled to return on Feb. 12, 2019 unless Doctor says otherwise.

The notice also states that I have exhausted my FMLA (12/7/2018), I was not told that prior to today. The anticipated return to work date will be February 12, 2019. Is it possible that I be allowed to do work partial days/ hours until February 12 or March 2019. I had approximately 1000 hours of leave time that I had accumulated prior to me informing my supervisor and you (Keesha Lowe) that I needed some time off work. Which was approved by my Supervisor Jamesia. It was my understanding that I was allowed to use my approved leave. I did receive the Certified FMLA paperwork that was sent. However and Rochelle confirmed that she received it. However, I never received a letter from the HR department saying that I was approved or disapproved for FMLA. Therefore, I was left with the understanding that I was using my accumulated leave time, up and until 1/18/2019. I have read the pre-separation letters and it is not clear to

member's office, grade, rank, or rating; or

- A physical or mental condition for which the covered veteran has received a U.S. Department of Veterans Affairs Service-Related Disability Rating (VASRD) of 50 percent or greater, and such VASRD rating is based, in whole or in part, on the condition precipitating the need for caregiver leave; or

- A physical or mental condition that substantially impairs the veteran's ability to secure or follow a substantially gainful occupation by reason of a disability or disabilities related to military service, or would do so absent treatment; or

- An injury, including a psychological injury, on the basis of which the covered veteran has been enrolled in the Department of Veterans Affairs Program of Comprehensive Assistance for Family Caregivers.

➢ *Intermittent or Reduced Schedule Leave*

An eligible employee generally does not need to use FMLA leave entitlement in one block. Eligible employees who, because of a serious health condition of their own or a qualifying relative, need to take FMLA leave on an intermittent basis or to stretch their leave out by working a reduced schedule, must provide certification of the medical necessity for such leave. Eligible employees must make reasonable efforts to schedule planned medical treatment so as not to unduly disrupt the agency's operations. When eligible employees request intermittent or reduced schedule leave because of a birth or placement of a child with them for adoption or foster care, the agency director and/or management will consider such things as how the request for intermittent leave or reduced hours will affect the work output of the employee's position, and the request will be granted only at the agency's discretion. Under certain circumstances, the agency may require an employee on intermittent leave or reduced schedule leave to transfer temporarily to an alternative job for which he or she is qualified and that better accommodates the leave.

➢ *Married Couples*

The twelve-week maximum per eligible employee per year applies to married couples, rather than individual employees, if both members of the couple work for any State agency and the leave is for the purpose of caring for a new child by birth, adoption or foster care placement or to care for the employee's parent. Leave requested because of an eligible employee's own serious health condition is not subject to this limitation, nor is leave to care for the eligible employee's sick spouse or child. Husbands and wives who are both employed by any State agency are limited to a combined twenty-six workweeks of leave during the twelve-month period to care for a covered service member.

➢ *Notice Requirements*

***Employees***: Employees must provide sufficient information to the agency's human

resources department to determine if the leave qualifies for FMLA protection, and they must also provide the anticipated timing and duration of the leave. Sufficient information may include that the employee is unable to perform job functions, the family member is unable to perform daily activities, the need for hospitalization or continuing treatment by a health care provider, or circumstances supporting the need for military family leave. Employees also must inform the employer if the requested leave is for a reason for which FMLA leave was previously taken or certified.

When leave is foreseeable, employees are required to give thirty days' advance notice of their expected need for FMLA leave. If they fail to provide such notice, the agency may deny the leave until a thirty-day notice period has expired. When thirty days' notice is not possible, employees are required to give as much notice as is practicable, and they generally must comply with the agency's call-in procedures. Medical certification for most FMLA leave is required and must be submitted within no more than fifteen days of an employee's initial request for leave. Medical certifications must be submitted on the appropriate form which may be obtained in the agency's human resources department. It is the employee's obligation to return this form as required. If the certification indicates that the employee does not qualify for FMLA leave, or if the employee fails to return the form in a timely manner, the employee will be subject to the agency's normal attendance and discipline policies. Employees on leave must call the agency periodically (but at least every thirty days) to report on their status and intent to return to work.

***The Agency***:  The agency will inform employees if they are eligible under FMLA, if their requested leave will be designated as FMLA-protected, and the amount of leave counted against the employee's leave entitlement. The notice will also specify any additional information required, as well as the eligible employee's rights and responsibilities. If the agency determines that the leave is not FMLA protected, the agency will notify the employee and supply the reason for the ineligibility.

➤ *Use of Accrued Leave*

Employees may choose or employers may require use of accrued paid leave while taking FMLA leave, if they otherwise satisfy all of the procedural requirements for the use of that accrued leave.

Leave for a worker's compensation injury that involves a serious health condition, as defined by this policy, will run concurrently with FMLA leave up through the permissible twelve weeks of FMLA leave.

➤ *Benefits During Leave*

Health insurance benefits will be continued during FMLA leave, and the State of Mississippi will continue to cover the applicable premium amount for the

employee. An employee may continue dependent coverage during leave, but he or she will be responsible for paying for the coverage on a timely basis. If the employee ceases paying the premium, the State may cancel the dependent coverage. However, the State may also continue the dependent coverage at its own expense and recoup payments from the employee upon the employee's return to active employment. Personal and medical leave benefits will not accrue during unpaid FMLA leave.

An employee who fails to return to work at the end of the FMLA leave and who cannot excuse the failure as due to reasons beyond his or her control, or because of the continuance, recurrence or onset of a serious health condition, is potentially liable for reimbursing the State for its payment of any or all of the health insurance premiums or other non-health premiums it paid during the employee's FMLA leave, except for premiums paid by the State while the employee was concurrently on paid leave. The amounts paid can be deducted from any moneys owed by the State to the employee, including unpaid wages or accrued leave, to the extent permitted by law. Employees are considered to have "returned to work" if they come back to work for at least thirty days after the conclusion of the FMLA leave.

> ### *Return from Leave*

Employees returning from FMLA leave will be restored to their prior positions and pay wherever practicable. Such employees will receive all benefits accrued prior to the beginning of leave, and they will be provided continuation of, or reinstatement to, health insurance benefits. If the employee's prior position is not available, the employee will be restored to an equivalent position with equivalent pay and terms and conditions of employment.

Employees must report on their intention to return to work as requested by the agency. So that their work may be properly scheduled, employees must provide reasonable notice (within two business days) of any foreseeable changed circumstances requiring either longer or shorter FMLA leave periods than originally requested.

> ### *Unlawful Acts*

The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA; or discharge or discriminate against any person for opposing any practice made unlawful by the FMLA or for involvement in any proceeding under, or relating to, the FMLA.

Please notify the agency's executive director immediately if any of these actions occur. Employees may also file a complaint with the United States Department of Labor or bring a private lawsuit against the agency.

### *Leave of Absence*

An employee can, upon written application to and in the discretion of the appointing

# CHARGE OF DISCRIMINATION

(This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.)

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 423-2019-00983 |
| | and EEOC |

State or local Agency, if any

null

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Sharon Paige | (601) 573-0728 | 1971 |

Street Address                     City, State and ZIP Code

226 Tudor Circle, BRANDON, MS 39042

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| BOSWELL / HUDSPETH REGIONAL CENTER | 15 - 100 | (601) 664-6000 |

Street Address                     City, State and ZIP Code

P.O. Box 127-B 100 Hudspeth Center Drive, WHITFIELD, MS 39193

RECEIVED
MAR 22 2019
U.S. EEOC/JAO

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                     City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | 09-24-2018 | 01-03-2019 |
| ☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On September 24, 2018, I received a disciplinary written reprimand, a demotion, and transfer for a serious violation of policies and procedures. I was demoted from the position of Director of the Group Home at Morton, MS down to a Program Administrator 1, and transferred to a different work facility at Pearl, MS. I was treated unequal to other staff who failed to report or violated serious policies and/or procedures.

For the September 24, 2018 actions, my employer stated that I failed to report a serious incident of abuse or neglect. They also stated that I said that I was not going to report to my supervisor or to the investigator.

I believe that my employer discriminated against me in violation of Title VII of the Civil Rights Act of 1964, as amended, based on my race (black) and my sex (female). The actions taken against me were unequal to actions taken against white staff that failed to report a serious incident or violated serious policies and/or procedures. The actions taken against me arose from an incident around August 15, 2018 when an individual left the group home where I worked as the director. For that same incident in August 2018, a white male teacher received less severe discipline, although he was responsible for individual who left the group home.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| | |
| *Sharon Paige* | *signature* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| | 3/22/19 |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 423-2019-00983 |

null _____ and EEOC

*State or local Agency, if any*

My employer violated my rights under the American with Disability Act of 1990, as amended, by the actions taken against me on September 14, 2018. The actions affected the accommodations that I had for my disabilities by transferring me to a position where I didn't have the same flexibilities and didn't have staff to assist me.

On January 3, 2019, my employment was terminated. A termination letter was sent to me on February 1, 2019. The termination notice stated that I was terminated because I had exhausted my FMLA leave. I believe that my employer terminated me because of retaliation which violates Title VII of the Civil Rights Act of 1964, a amended, because I had appealed my employer's disciplinary actions, demotion and transfer. My appeal included grounds and policies and procedures of my employer and grounds of unequal treatment on the basis of race and sex.

RECEIVED
MAR 22 2019
U.S. EEOC/JAO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *Shan Page* | *Shan Page* SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 3/22/19 |



**PERS**
of MISSISSIPPI

## Employer's Certification of Job Requirements
*Form DSBL 2 – Revised 12/1/2013*

*Please print or type in black ink. A supervisor with first-hand knowledge of the job requirements must complete this form and ⬜ attach a copy of the official job description. Mail or fax completed form(s) to PERS. See bottom of form for contact information.*

**❶  Member Information**

First Name: **Sharon**          MI: **D.**   Last Name: **Paige**

Social Security No.: _____   Position Held: **Division Director I**

Employment Status: ☐ Leave with Pay   ☐ Leave without Pay   ■ Still Working   ☐ Terminated *If terminated, list reason below.* *

* Reason: ☐ Voluntary/Resignation   ☐ Poor Performance Related to Medical Condition   ☐ Other: _____

Comments: _____

Number of Days Absent Due to Alleged Disability during 12 Months Preceding Termination, Leave of Absence, or Application for Disability: **31 days**

Official Position Dates: Start *mm/dd/ccyy:* **03/02/2015**   Last Day Worked Due to Alleged Disability *mm/dd/ccyy:* **Still employed.**

**❷  Job Requirements**

Is the employee allowed to move from sitting to standing and standing to sitting? ..................................... ■ Yes  ☐ No

If yes, how often? **As needed**

Can the employee vary his or her work schedule as often as needed? ..................................... ■ Yes  ☐ No

In your opinion, can the employee perform his or her job? ..................................... ■ Yes  ☐ No

If no, list specific job duties and performance expectations impaired by the employee's alleged disability: **As per the employee She utilizes staff to assist her when needed.**

Does the employee appear to be motivated toward continuing current employment? ..................................... ■ Yes  ☐ No

Has the employee been offered another job within your agency or any other agency covered by PERS without a material reduction in compensation or change in location of employment? ..................................... ☐ Yes  ■ No

If yes, describe job and duties: _____

Describe any accommodations, offered or provided the employee to allow him or her to continue gainful employment with your agency: _____

**Employee is able to take short breaks while on duty and receive assistance from staff.**

**❸  Employer Certification**

I understand that any person who makes a false statement or shall falsify or permit to be falsified any record of a retirement plan administered by PERS in an attempt to defraud the plan may be subject to criminal prosecution. With that understanding, I certify the above statements and information are correct to the best of my knowledge and that the below-listed employer has complied with all applicable provisions of the Americans with Disabilities Act, including but not limited to, provisions to make reasonable accommodations to allow this employee to remain on the job.

Employer Name: **Boswell Regional Center**          Employer No.: **0001 410**

Employer's Mailing Address: **P. O. Box 127-B**          City: **Whitfield**   State: **MS**  Zip: **39193**

Employer Representative's Name: **Keesha Lowe-Nash**          Employer Representative's Title: **Human Resources Director**

Employer Representative's Phone: **(601) 664-6082**   Fax: **(601) 664-2318**   E-Mail: **keesha.lowe@hrc.state.ms.us**

Employer Representative's Signature: *Keesha Lowe-Nash*          Date *mm/dd/ccyy:* **07/31/2018**

Public Employees' Retirement System of Mississippi
429 Mississippi Street, Jackson, MS 39201-1005   800.444.7377   601.359.3589   601.359.1024 *fax*   www.pers.ms.gov

# HUDSPETH REGIONAL CENTER



Jerrie T. Barnes, M.Ed.
Director

100 Hudspeth Center Dr.
Post Office Box 127-B
Whitfield, Mississippi 39193

(601) 664-6000
Fax: (601) 354-6945

January 31, 2019

Sharon Paige
226 Tudor Circle
Brandon, MS   39042

## NON-DISCIPLINARY
## SEPARATION NOTICE

You are hereby notified that you are being separated from your job duties at Hudspeth Regional Center effective January 31, 2019. This separation is being considered based on the following reason:

According to our documentation you submitted FMLA paperwork stating that you would need leave for a non work related serious health condition beginning September 17, 2018. Your FMLA was granted and it exhausted on December 7, 2018. You provided a physician's statement on October 30, 2018 stating that you were still under your physician's care from October 30, 2018 until December 14, 2018 with no expected return date.   On December 18, 2018, you submitted another physician's statement stating that you would be under the care of your physician until January 14, 2019 and you would be able to return to work on January 15, 2019.   On January 15, 2019, you submitted another physician's statement stating that you would be under the care of your physician until February 11, 2019 and you would be able to return to work on February 12, 2019.

Due to this need for additional time off, you are not able to perform the essential functions of your job as a MH-Program Administrator I.   Section II, Letter E as stipulated in the revised January 25, 2018 Department of Mental Health Addendum to the Mississippi State Employee Handbook: Attendance is an essential function of DMH program employment. If an employee is unable to attend to assigned duties because of illness, injury or disability, their absence falls outside of FMLA leave and no reasonable accommodation can be provided, an employee may be terminated from their position, even if the employee's absence is excused by a physician.   Such terminations of employment are not disciplinary in nature, and should the health of the dismissed employee improve

"A DEPARTMENT OF MENTAL HEALTH FACILITY"

Sharon Paige
Separation Notice
Page Two

     they may reapply for any open position for which they qualify.

     Because your position is a critical needs position and since you are unable to return to work at this time, you have officially been separated from employment with Hudspeth Regional Center. Chapter 7.2, as stipulated in the revised July 1, 2018 Mississippi State Employee Handbook: Dismissal - A State employee may be dismissed or his or her employment terminated voluntarily or involuntarily. Voluntary severance of employment occurs when a State employee submits his or her resignation of employment. An involuntary severance of State employment can occur based upon a Reduction in Force, disciplinary action, failure of the employee to continue to meet the eligibility criteria for the position held or an inability to perform the essential functions of the job.

     If you are interested in returning to work when you have a release from your doctor, you may come to our Human Resources Department and complete an application for employment.

                            Sincerely,

                            Jerrie T. Barnes, M.Ed.
                            Director
                            Hudspeth Regional Center

A copy of this letter will be placed in your personnel file.

9. Was repeatedly harassed while out on personal leave/ medical leave; with no regards to my family members health condition (Mother in Intensive care) or my own medical disabilities (stress and pain/aggravated medical condition) to satisfy non-emergency issues/ disciplinary actions), violated my rights by sending their employees to my resident to further humiliate embarrass, intimidate, trespass on my property, exposed personnel actions to be taken against me with other employees of the agency. Cause my son to become unnecessarily worried that I was about to be taken away from him. He did not attend school after the incident occurred.

10. The agency retaliated against me because I appealed the multiple disciplinary actions taken against me; which included the Directors discriminatory and unfair/unequal employment practices.

11. Terminated my employment and insurance cover the same day. After being given notice that the agency was considering terminating my employment, I responded to the notice and asked for extended leave, accommodation to work a reduced schedule,

Intimidation, Public humiliation, harassment,

I requested to use Personal leave time and was originally approved to use PL by my Supervisor Jamesia Gilbert. Additionally, she told me to let her know if I needed more leave time passed the Sept. 21, 2018 to just let her know. Ms. Gilbert was showed concern and understanding to me trying to be out with my mother and my own personal and medical issues.

HR Director repeatedly called, left voice mails or texted me pressing me to come to her office by way of providing me untruthful information just to get me out there. On one occurrence, after I told her that I was at the doctor and physically unable to come and then that I had my 6 year old son with me. With no regard to either reason I gave her she went as far to tell me that I could bring my son with me: that it wouldn't take long. She literally wanted me to bring my son to her office while she issued me the Disciplinary action that had been decided against me. She did not take any consideration as to how the action may would have affected me. Her main concern was for the Agency to give the Surveyor written proof that they had taken corrective action on me for the incident.

Keesha called me telling me to come to campus for grievance response on Sept.10, 2018; which was passed the response deadline. I told her then that I had gotten a call about my mother being taken to the hospital.

My Mother was taken to the local hospital by ambulance and later transported by Helicopter on Sept. 10, 2018 to UMMC. I could not concentrate or give my mother the attention that she needed, properly give doctors guidance authorization for certain procedures, Due to the constant pressure coming from the HR Director and the Agency Director directly and indirectly. I was mentally tired and stressed, which has aggravated my condition even more. Being called to submit a medical excuse, report to campus for to get a response to the grievance which was already past due, then the final disciplinary actions. All could have been postponed considering that I told her that my mother had been rushed to the hospital on the 10th she turned right around and called me on the 11th to return to work off suspension. I went in and when I got there I was issued a final decision which stated that effective immediately I was transferred to campus from the Group Home, along with 2 reprimands. I had an appointment prior to the meeting and my mother was in ICCU, which Keesha knew about my mother when she told me to report for duty.

According to the policy and the FML law Keesha should have initiated the FMLA process then. Instead she told me that I needed to report to campus. I went because I did not want her to think that I was trying to avoid any disciplinary action, but I did not realize that she was expecting me to began working

disabilities that I was dealing with. The Agency also cancelled my health insurance effective the same day of notification that I was terminated. Jan. 31, 2019. I had Surgery on Feb. 7, 2019 and was denied pharmacy coverage when I attempted to get the prescribed pain medication after surgery. I have been humiliated, embarrassed, harassed by the repeated interruptions while caring for my love one and my son. Among several things done to me by the HR Director and / or the Agency Director; the Agency Director Jerrie Barnes and/ or the HR Director Keesha Lowe sent two employees from the agency to my residence and served me pre-separation of employment notice to sign, which clearly stated the main topic included in the letter. Was not confidential at all and they arrived in a vehicle labeled Police. At no time was I informed that my leave time or the restrictions/ accommodations indicated on the FMLA paperwork would cause any undue hardship for the agency. I responded to the pre-separation notice and asked the HR Director to allow me to work partial days/ hours as notated on the FMLA paperwork  submitted on 10/25/18 until my projected return to work date Feb. 12, 2019. The HR Director did not respond my request and I emailed her again inquiring about it and she still did not respond to me. Not only did my Immediate Supervisor, the HR staff/HR Director receive a medical excuse that included days that would have exceeded the dates that they without my knowledge started the FMLA time. They accepted several medical excuses afterwards and failed to contact me either by phone or certified mail. I have received several mailed letters from the Agency at the same address prior to and since the Jan. 22, 2019 and phone calls on the same phone number that the HR Director called and informed me that I was being terminated.  I've had the same since Nov. 1999 and where she has sent me multiple text messages.

I was unable to get the prescribed medications after surgery 2/7/19, because I was informed that my insurance had been canceled on Jan. 31, 2019. I had a follow up appointment scheduled to see my personal physician after my surgery on 2/11/19. However due to my insurance being cancelled I did not attend the appointment. Contacted BlueCross Blue Shield and was told that the agency representative input the term date 1/31/19 and that's what they had to follow.

Employer-Provided Leave and the Americans with Disabilities Act[1]
(May 9, 2016)

Introduction

The U.S. Equal Employment Opportunity Commission (EEOC) enforces Title I of the Americans with Disabilities Act (ADA). The ADA prohibits discrimination on the basis of disability in employment and requires that covered employers (employers with 15 or more employees) provide reasonable accommodations to applicants and employees with disabilities that require such accommodations due to their disabilities.

A reasonable accommodation is, generally, "any change in the work environment or in the way things are customarily done that enables an individual with a disability to enjoy equal employment opportunities."[2] That can include making modifications to existing leave policies and providing leave when needed for a disability, even where an employer does not offer leave to other employees.[3] As with any other accommodation, the goal of providing leave as an accommodation is to afford employees with disabilities equal employment opportunities.

The EEOC continues to receive charges indicating that some employers may be unaware of Commission positions about leave and the ADA.  For example, some employers may not know that they may have to modify policies that limit the amount of leave employees can take when an employee needs additional leave as a reasonable accommodation.  Employer policies that require employees on extended leave to be 100 percent healed or able to work without restrictions may deny some employees reasonable accommodations that would enable them to return to work.  Employers also sometimes fail to consider reassignment as an option for employees with disabilities who cannot return to their jobs following leave.

This document seeks to provide general information to employers and employees regarding when and how leave must be granted for reasons related to an employee's disability in order to promote voluntary compliance with the ADA. It is consistent with the EEOC's regulations enforcing Title I of the ADA, as well as the EEOC's 2002 Revised Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act (a link to the Guidance appears at the end of this document).

Equal Access to Leave Under an Employer's Leave Policy

Employees with disabilities must be provided with access to leave on the same basis as all other similarly-situated employees. Many employers offer leave -- paid and unpaid -- as an employee benefit. Some employers provide a certain number of paid leave days for employees to use as they wish. Others provide a certain number of paid leave days designated as annual leave, sick leave, or "personal days."

If an employer receives a request for leave for reasons related to a disability and the leave falls within the employer's existing leave policy, it should treat the

Search all cases and statutes...    JX

Statutes, codes, and regulations
Mississippi Administr...



Section 27-110-7.9 -...

# 27 Miss. Code R. § 110-7.9.11

Download

Current through August 11, 2020

Section 27-110-7.9.11 - Designation of Leave as FMLA Leave and Notification to Employee

The agency is responsible for designating leave that is FMLA qualifying and for giving notice of the designation to the employee.

A. If the agency knows the reason for leave is an FMLA reason at the time leave begins, the leave must be designated by the agency in writing at that time. If the agency knows the leave is for a FMLA reason at the time leave begins and *fails* to designate, the leave may not be counted against the employee's FMLA entitlement, and the employee continues to be subject to FMLA protection. Once the agency designates, the leave may be counted against the FMLA entitlement only from that time forward, and not retroactively.

B. When the agency learns that leave is for an FMLA purpose after leave has begun, but before the employee returns to work, the entire or some part of the leave period may be retroactively counted as FMLA leave.

C. Leave may be designated as FMLA after the employee has returned to work in only two circumstances:



Search all cases and statutes...　JX

business days of the employee's return to work. If the agency has not made a designation, but the employee wants the absence to be treated as FMLA leave, the employee must notify the agency within two business days of his or her return to work. If such notification is not made, the employee may not subsequently assert FMLA protection.

**D.** If an employee takes paid or unpaid leave and the agency does not designate the leave as FMLA leave, it may not be counted against the employee's FMLA entitlement.

**E.** The agency must provide written notice detailing the specific expectations and obligations of the employee and explaining any consequence of failure to meet these obligations. Such specific notice must be provided to the employee within a reasonable time after notice of the need for leave is given, and must include, as appropriate:

1. That the leave will be counted against the employee's annual FMLA leave entitlement;

2. Any requirements for the employee to furnish medical certification of a serious health condition and the consequences of failing to do so;

3. The employee's right to substitute paid leave and whether the agency will require the substitution of paid leave and the conditions related to any substitution;

4. Any requirement for the employee to make any premium payments to maintain health benefits, the arrangements for making such payments, and the consequences of failure to make such payments on a timely basis;

5. Any requirement for the employee to present a fitness-for-duty certificate to be restored to employment;

 casetext

Help     Sign In     Sign Up

Search all cases and statutes...                                    JX

7. The employee's right to restoration to the same or an equivalent position upon return from leave; and

8. The employee's potential liability for payment of health insurance premiums paid by the agency during the employee's unpaid FMLA leave if the employee fails to return to work after taking FMLA leave.

*27 Miss. Code. R. § 110-7.9.11*

Amended July 1, 2015
Amended July 1, 2016
Amended July 1, 2017
Amended January 18, 2018
Amended July 1, 2018
Amended March 1, 2019

Previous Section
Section 27-110-7.9.10 - Return from Leave

Next Section
Section 27-110-7.9.12 - Medical Certification

Coverage

SmartCite

Public records search

Partnerships and Resources

Law school access