IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHARON PAIGE**                                                                                        **PLAINTIFF**

V.                                                                              CAUSE NO. 3:21-CV-618-CWR-FKB

**MISSISSIPPI DEPARTMENT OF**                                                **DEFENDANTS**
**MENTAL HEALTH; HUDSPETH**
**REGIONAL CENTER (BOSWELL);**
**DIRECTOR JERRIE BARNES; and**
**DIRECTOR KEESHA LOWE NASH**

## ORDER

Before the Court is defendants, the Mississippi Department of Mental Health, Hudspeth Regional Center, and Directors Jerrie Barnes and Keesha Lowe Nash's, motion to dismiss certain claims on grounds of Eleventh Amendment immunity. Docket No. 9. Despite two *sua sponte* extensions, *pro se* plaintiff Sharon Paige has failed to respond. Thus, the Court must consider defendants' motion without the benefit of plaintiff's response.

Having considered the motion, corresponding memorandum, and relevant law, the Court finds that the motion must be GRANTED.

I.    **Factual and Procedural History**

Sharon Paige filed this action on September 24, 2021, alleging that her former employer discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 (ADA), the Family and Medical Leave Act (FMLA), the Uniformed Services Employment and Reemployment Rights Act (USERRA), and the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). Docket No. 4 at 3-4. Defendants now move to dismiss claims falling under the ADA, FMLA, and USERRA for lack of subject matter jurisdiction. Docket No. 9; *see also* Docket No. 10.

**II.     Legal Standard**

When considering a jurisdictional challenge under Rule 12(b)(1), the Court may find that subject matter jurisdiction is lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The party asserting jurisdiction bears the burden of proof. *Id.*

**III.    Discussion**

The Mississippi Department of Mental Health (MDMH) argues that it, its subsidiary Hudspeth Regional Center, and its officials Jerrie Barnes and Keesha Lowe Nash, sued in their official capacities, are entitled to Eleventh Amendment immunity.

The Eleventh Amendment establishes that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Put otherwise, the "Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court, unless the state has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

The privilege extends to state agencies, such as MDMH. *See Pattman v. Miss. Dep't of Pub. Safety*, No. 3:09-CV-570-HTW-LRA, 2012 U.S. Dist. LEXIS 130617, at *13 (S.D. Miss. Sep. 13, 2012) (citing *Scanlon v. Department of Mental Health*, 828 F. Supp. 421, 424 n.4 (S.D. Miss. 1993)). Hudspeth Regional Center is a part of MDMH. Specifically, Hudspeth Regional Center is a "state operated comprehensive regional program[] . . . . operated under the administration of the Department of Mental Health." Boswell Regional Center, https://www.brc.ms.gov/ (last visited July 8, 2022); see also https://www.dmh.ms.gov/whoweare/idd-programs/ (last visited July 8,

2022). Accordingly, Hudspeth Regional Center and its officials, are immune from suit. *See Kooros v. Nicholls State Univ.*, 379 F. App'x 377, 380 (5th Cir. 2010) (citing *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004)) (holding that "[s]uits against individuals in their official capacities are treated as suits against the State and are barred by the Eleventh Amendment.").

There are ways in which a litigant can overcome a State's Eleventh Amendment immunity. None of those ways are available in the present case.

Accordingly, plaintiff's claims under the ADA, FMLA, and USERRA must be dismissed for lack of jurisdiction.

**IV.     Conclusion**

Plaintiff's claims under the ADA, FMLA, and USERRA are DISMISSED. Plaintiff's claims under Title VII and the COBRA may proceed.

**SO ORDERED**, this the 8th day of August, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
